**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TRACY L. TODD,** : | |
| : | **Civil Action No. 1:06-CV-1193** |
| **Plaintiff** : | |
| : | **(Judge Kane)** |
| : | |
| v. : | |
| : | |
| **FRANKLIN TENNIS,** : | |
| et al., : | |
| : | |
| **Defendants.** : | |

**MEMORANDUM AND ORDER**

**I.   Introduction**

Plaintiff, Tracy L. Todd, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on June 13, 2006. At that time, Plaintiff was an inmate incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview) in Bellefonte, Pennsylvania. Plaintiff has since been released from prison and resides in Pittsburgh, Pennsylvania. The incidents set forth in the complaint occurred while Plaintiff was confined at SCI-Rockview. Names as defendants are Jeffrey A. Beard, Secretary of the Department of Corrections ("DOC"), and the following members of the staff at SCI-Rockview (collectively, "Corrections Defendants"): Franklin J. Tennis, Superintendent, Jeffrey A. Rackovan, Superintendent's Assistant, Joel S. Dickson, Deputy Superintendent for Centralized Services, Ray Coffman, Deputy Superintendent for Facilities Management,[1] Jennie M. Corl, R.N., Sharon M. Burks, Tamara M. Chambers, R.N., Elaine K. Coffman, R.N., Richard Ellers, Erika L. Foose, R.N., Gregory Gaertner, Kenneth L.

---

[1] By letter dated July 11, 2006, Defendant Rackovan informed the U.S. Marshal's Service that Defendant Coffman passed away on July 1, 2006. (See Doc. 22.) Thus, SCI-Rockview was unable to serve Plaintiff's complaint on this defendant.

Goodman, John P. Kertis, Bonnie L. Koehle, R.N., Ellen S. McDonel, Rosa Smith,[2] Herbert E. Prost, Nicole M. Washic, L.P.N., and Charles Woodhouse.  Also named are the following employees of a contracted health care provider (collectively, "Medical Defendants"): Jane Davis, Kathleen Kennedy, Aaron Thompson, John Symons, M.D., Christina Doll, M.D., Jodi Hicks, Valerie Senko, and Joseph Romeo, M.D, and W.M. Berger, M.D.  In the complaint, Plaintiff sets forth various Eighth Amendment claims, including deprivation of food, inadequate medical care and use of excessive force.  Plaintiff also alleges that he was denied access to the courts and that he was subjected to racial discrimination.  As relief he seeks monetary damages.  Presently pending before the Court are motions to dismiss filed separately by the Corrections Defendants and the Medical Defendants.  (Docs. 13, 14, 21.)  These motions are ripe for consideration by the Court.  For the reasons that follow, these motions will be dismissed without prejudice to renew, and Plaintiff shall be afforded twenty (20) days within which to submit the full filing fee for this action.  His failure to do so will result in the dismissal of this action pursuant to the Three Strikes Rule, codified at 28 U.S.C. § 1915(g).

**II.    Background**

In his complaint, Plaintiff alleges that since he was transferred to SCI-Rockview, Defendant Woodhouse, an SCI-Rockview corrections officer, has been denying him food and cleaning supplies.  He also contends that Defendant Woodhouse tampered with his legal mail, deliberately poisoned his food, and made racist remarks to him and other black inmates.  He

---

[2] By letter dated July 11, 2006, Defendant Rackovan informed the U.S. Marshal's Service that Defendant Rosa Smith terminated her employment with SCI-Rockview and left no forwarding address.  (See Doc. 22.)  Thus, SCI-Rockview was unable to serve Plaintiff's complaint on this defendant.

makes no reference to dates of these alleged incidents.

Additionally, Plaintiff claims that on July 21, 2004, Defendant Woodhouse threw a spoon through Plaintiff's cell door in the Restricted Housing Unit ("RHU"), striking Plaintiff in the eye and causing injury.  Plaintiff alleges that Defendants Kertis, Goodman, and Prost, all corrections officers in SCI-Rockview's RHU during the relevant time period, were also responsible for the "deliberate" acts described above.

Although the complaint is unclear on this point, it appears that some time after the alleged assault of July 21, 2004, Plaintiff was placed in the hospital ward of SCI-Rockview.  There, Plaintiff alleges, the Medical Defendants failed to provide him with adequate medical care for his bleeding ulcer, upper hernia, and recent heart attack.  He makes no reference to any treatment relating to his alleged injury to his eye.  In addition, Plaintiff alleges that certain defendants conspired to have him removed from the hospital ward and returned to the RHU, despite his need for further medical treatment.  It is Plaintiff's belief that their actions were based upon his race.

Plaintiff holds Defendant Beard responsible as he is in charge of the overall operation of the DOC and claims that central staff members such as Defendants Tennis, Dickson, Coffman, Rackovan, Gaertner, and Burks, had personal knowledge of the events that took place in the RHU and the hospital ward.  Defendants Tennis and Burks are alleged to have "blocked" Plaintiff's access to the court by failing to reply to his grievances or not sending all necessary papers back to him so that he could file appeals.  Defendant Rackovan is alleged to have deliberately not processed Plaintiff's grievances in an attempt "to cover up the deliberate indifference acts by staff members . . . ."  (Doc. 1 at 6.)

III.    **Discussion**

The Prison Litigation Reform Act of 1996 ("PLRA"), in an effort to halt the filing of frivolous inmate litigation, enacted what is commonly referred to as the Three Strikes Rule. Codified at 28 U.S.C. § 1915(g), the Three Strikes Rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action in forma pauperis "unless the prisoner is in imminent danger of serious physical injury." See 28 U.S.C. 1915(g). The Three Strikes Rule does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed under in forma pauperis, requiring the inmates to pay the full filing fee prior to commencing suit.

In the instant case, Plaintiff filed a motion for leave to proceed in forma pauperis and an authorization form. (Docs. 1 & 2.) Thereafter, the Clerk of Court issued an Administrative Order on June 19, 2006. (Doc. 7.) Service of the complaint was directed on June 27, 2006, and the matter has been proceeding since that time. Presently pending are motions to dismiss by the Corrections Defendants and the Medical Defendants. (Docs. 13, 14, 21.) However, in reviewing this matter, it has become apparent that prior to instituting this action Plaintiff has, on at least five (5) occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Todd v. Benning, et al., Civil No. 03-CV-0986 (W.D. Pa. Feb. 18, 2004); Todd v. Benning, et al., Civil No. 03-CV-1060 (W.D. Pa. Feb. 9, 2004); Todd v. Johnson, et al., Civil No. 04-CV-0247 (W.D. Pa. July 25, 2004); Todd v. Benning, et al., No. 04-1603 (3d Cir. Oct. 7, 2004); and Todd v. Johnson, et al., No. 04-3534 (3d Cir. Jan. 25, 2005). Thus, Plaintiff is barred by 28 U.S.C. § 1915(g) from proceeding in forma pauperis in the instant

action.

Moreover, while there exists the "imminent danger" exception to § 1915(g)'s Three Strikes Rule, it is clearly inapplicable in this case. The Third Circuit Court of Appeals has concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc), cert. denied, 533 U.S. 953 (2001). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). In the present case, Plaintiff alleges that he was subjected to excessive force with regard to an incident that occurred on July 21, 2004, and was denied medical treatment with regard to various medical conditions. He did not file this complaint until almost two (2) years after the alleged incident occurred. In fact, nowhere in the complaint does Plaintiff make it clear that he is in imminent danger of serious physical injury at the time he filed the complaint. Plaintiff fails to identify an imminent danger in the RHU at the time he filed his complaint as it may relate to the Corrections Defendants. He also fails to identify when the alleged actions related to the Medical Defendants, and certain Corrections Defendants thereafter, occurred.

Based upon the present posture of this case, the Court will not outright dismiss the complaint on the basis of the Three Strikes Rule and close the case. Because Plaintiff waited until almost the end of his statute of limitations period to file his complaint in this action, he would now be barred with respect to any new complaint he attempted to file asserting these claims. Rather, the Court will dismiss without prejudice to renew all motions presently pending in this action, and afford Plaintiff twenty (20) days within which to submit the full filing fee. If

he fails to do so, the action will be dismissed pursuant to 28 U.S.C. § 1915(g).

## IV.     Order

**AND NOW**, this 17th day of April, 2007, in accordance with the foregoing

Memorandum, **IT IS HEREBY ORDERED THAT**:

1. The Administrative Order issued in this case on June 19, 2006 (Doc. 7) is hereby **VACATED**. Within twenty (20) days from the date of this Order, Plaintiff shall submit the full filing fee in this action. The failure to do so will result in the dismissal of the complaint (Doc. 1) pursuant to the provisions of 28 U.S.C. 1915(g).

2. All pending motions (Docs. 13, 14, 21) are **DISMISSED** without prejudice to renew the motions following Plaintiff's submission of the full filing fee in this action.

                                             __s/ Yvette Kane_____
                                             YVETTE KANE, Chief Judge
                                             Middle District of Pennsylvania