**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TRACY L. TODD,** : | |
| : | **Civil Action No. 1:06-CV-1193** |
| **Plaintiff** : | |
| : | **(Judge Kane)** |
| : | |
| v. : | |
| : | |
| **FRANKLIN TENNIS,** : | |
| **et al.,** : | |
| : | |
| **Defendants.** : | |

**MEMORANDUM AND ORDER**

### I. Introduction

Plaintiff, Tracy L. Todd, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on June 13, 2006. At that time, Plaintiff was an inmate incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview) in Bellefonte, Pennsylvania. Plaintiff was released from prison on July 1, 2006. His last known address provided to the Court was in Warren, Ohio. The incidents set forth in the complaint occurred while Plaintiff was confined at SCI-Rockview. Named as defendants are Jeffrey A. Beard, Secretary of the Department of Corrections ("DOC"), nineteen (19) members of the staff at SCI-Rockview,[1] and nine (9) employees of a contracted health care provider. In the complaint, Plaintiff sets forth various Eighth Amendment claims, including deprivation of food, inadequate medical care and use of excessive force. Plaintiff also

---

[1] By letter dated July 11, 2006, Defendant Rackovan informed the U.S. Marshal's Service that Defendant Coffman passed away on July 1, 2006. (See Doc. 22.) Thus, SCI-Rockview was unable to serve Plaintiff's complaint on this defendant. In addition, by letter dated July 11, 2006, Defendant Rackovan informed the U.S. Marshal's Service that Defendant Rosa Smith terminated her employment with SCI-Rockview and left no forwarding address. (See Doc. 22.) Thus, SCI-Rockview was unable to serve Plaintiff's complaint on this defendant.

alleges that he was denied access to the courts and that he was subjected to racial discrimination. As relief he seeks monetary damages. Answers have been filed and the discovery period is now running. On April 17, 2007, an Order was issued vacating the Administrative Order previously issued in this case and affording Plaintiff twenty (20) days to submit the full filing fee in this matter. (Doc. 23.) He was warned that the failure to do so would result in the dismissal of his action pursuant to the Three Strikes Rule, codified at 28 U.S.C. § 1915(g).[2] The copy of the Memorandum and Order was sent to Plaintiff on April 17, 2007, and was returned to the Court as undeliverable on April 30, 2007. (Doc. 25.) The envelope was marked "Return to Sender - Attempted - Not Known - Unable to Forward." On April 18, 2007, another copy was mailed to a different address.[3] On May 1, 2007, this copy was returned to the Court marked "Return to Sender - Not Deliverable as Addressed - Unable to Forward." (Doc. 24.) For the reasons that follow, this action will be dismissed without prejudice for failure to prosecute.

## II. Discussion

When Plaintiff first initiated this lawsuit he was provided with a copy of this Court's

---

[2] Plaintiff had originally submitted a motion to proceed in forma pauperis in this matter and an authorization form. Thereafter, an Administrative Order was issued and service of the complaint directed. The matter was proceeding when the Court discovered that prior to instituting this action Plaintiff had, on at least five (5) occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. The Court further found that based upon the allegations set forth in the complaint, there existed no basis for Plaintiff to argue that he was under imminent danger of serious physical injury at the time the complaint in this action was filed. As such, he was directed to submit the full filing fee in this action within twenty (20) days.

[3] The first copy was forwarded to a Pittsburgh, Pennsylvania address which was provided to the Court immediately following Plaintiff's release from prison. It was thereafter discovered that a different address - one located in Warren, Ohio, had later been supplied to the Court by Plaintiff. As a result, the Three Strikes Order was then re-mailed to Plaintiff at this last known address on April 18, 2007. (Doc. 24.)

Standing Practice Order which provides, in relevant part, as follows:

> A pro se plaintiff has the affirmative obligation to keep the court informed of his or her address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address the plaintiff will be deemed to have abandoned the lawsuit.

(Doc. 6.)

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate. See Federal Rule of Civil Procedure 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). A review of the record reveals that Plaintiff was released from prison over ten months ago, and was residing at the Pittsburgh address. At some point he changed his residence to Warren, Ohio, but apparently is no longer there and has never advised the Court of his new address. Consequently, he has clearly failed to comply with a requirement of the Court's Standing Practice Order.

Moreover, Plaintiff's failure has prevented the Court from contacting him with regard to proceedings in this action. It would be a waste of judicial resources to allow this action to continue. The Court is satisfied that based upon the present circumstances and the passage of time since Plaintiff's release from prison, the dismissal of this action without prejudice for failure to prosecute is warranted.

**III.     Order**

**NOW, THEREFORE, THIS 15th DAY OF MAY, 2007, IT IS HEREBY ORDERED THAT:**

1. This action is dismissed without prejudice for failure to prosecute.

2. The Clerk of Court is directed to close this case.

3. Any motions pending in this matter are dismissed as moot.

4. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.


S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania